UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Monica Bentley Cruz El-Bey, | ) C/A No. 0:09-1772-MJP-JRM |
| Plaintiff, | ) |
| vs. | ) |
| Wells Fargo Home Mortgage;<br>Samuel C. Waters;<br>Rogers Townsend & Thomas, PC;<br>Stonewall Jackson Kimball, III;<br>Master's Office York County SC, | )<br>)<br>)<br>)<br>)  Report and Recommendation |
| Defendants. | ) |

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint herein pursuant to the procedural provisions of 28 U.S.C. § 1915. This review has been conducted in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).

The complaint *sub judice* has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without paying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). Hence, under § 1915(e)(2)(B), a claim based on a meritless

1

legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995). The court may dismiss a claim as "factually frivolous" under § 1915(e) if the facts alleged are clearly baseless. *Denton*, 504 U.S. at 31. In making this determination, the court is not bound to accept without question the truth of the plaintiff's allegations, but rather need only weigh the plaintiff's factual allegations in his or her favor. *Id.*

This Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007); *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## Background

Plaintiff files the instant civil action against a mortgage company, attorneys who apparently represented the mortgage company in a foreclosure action against the Plaintiff, the Master-in-Equity Judge that handled the state foreclosure action, and the Master-in-Equity Judge's office. Plaintiff's statement of claim indicates: "This is an appeal of the decision of DOCKET NO: 09-CP-46-0542 which was conducted on June 29, 2009 at 9:30 a.m. in the STATE OF SOUTH CAROLINA COUNTY OF YORK." Plaintiff further states that the "matter between the Plaintiff and the

2

Defendant was settled and closed" as of February 12, 2009. However since that time, the Defendants have: (1) "trespassed on the Private Settlement Agreement;" (2) "trespassed on the Letter of Rogatory;" and (3) "defaulted on the Affidavit of Negative Averment." Plaintiff asks this Court to "reverse all rulings made at the hearing."

Discussion

Plaintiff states that she is attempting to appeal a state court decision in this Court and have all rulings made in her state foreclosure action overturned. However, Plaintiff's complaint is subject to summary dismissal because, under the *Rooker-Feldman* Doctrine, this Court is without jurisdiction to consider such an appeal. The proceedings and rulings made in the York County Master-in-Equity Court cannot be reviewed or set aside by the United States District Court for the District of South Carolina in this case. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476-82 (1983)( a federal district court lacks authority to review final determinations of state or local courts because such review can only be conducted by the Supreme Court of the United States under 28 U.S.C. § 1257); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).[1] This prohibition on review of state court orders by federal district courts is commonly referred to as the *Rooker-Feldman* Doctrine. *See*, *e.g.*, *Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005)(confining *Rooker-Feldman* Doctrine to cases brought by state court losers seeking redress for an injury allegedly caused by the state court's decision); *Davani v. Va. Dep't of Transport.*, 434 F.3d 712 (4th Cir. 2006).

---

[1]Appeals of orders issued by lower state courts must go to a higher state court. Secondly, the Congress has provided that only *the Supreme Court of the United States* may review a decision of a state's highest court. *See* 28 U.S.C. § 1257.

Because the *Rooker-Feldman* Doctrine is jurisdictional it may be raised by the Court *sua sponte*. *American Reliable Ins. Co. v. Stillwell*, 336 F.3d 311, 316 (4th Cir. 2003). Further, the *Rooker-Feldman* Doctrine applies even if the state court litigation has not reached a state's highest court. *See Worldwide Church of God v. McNair*, 805 F.2d 888, 893 & nn. 3-4 (9th Cir. 1986). *See also* 28 U.S.C. § 1738 (federal court must accord full faith and credit to state court judgment); *Robart Wood & Wire Prods. v. Namaco Indus., Inc.*, 797 F.2d 176, 178 (4th Cir. 1986).

Plaintiff's submission of the instant complaint, seeking a reversal of state court rulings, is clearly an attempt to have this Court sit in appellate review of state court proceedings. *See Anderson v. Colorado*, 793 F.2d 262, 263 (10th Cir. 1986)("[I]t is well settled that federal district courts are without authority to review state court judgments where the relief sought is in the nature of appellate review"). *See also Hagerty v. Succession of Clement*, 749 F.2d 217, 219-20 (5th Cir. 1984)(collecting cases). Although Plaintiff has apparently been negatively impacted by the state court decision, a ruling in Plaintiff's favor in the instant case would require this Court to overrule (or otherwise find invalid) various orders and rulings made in a state court. Even under the narrow construction given to the *Rooker-Feldman* Doctrine in *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280 (2005), the relief Plaintiff seeks is barred by that Doctrine. As this Court lacks jurisdiction to review Plaintiff's state court action, ths instant complaint is subject to summary dismissal.

Additionally, it is noted that Plaintiff's complaint contains no reference to any alleged violation of a federal statute or constitutional provision by the Defendants, nor is any type of federal question jurisdiction otherwise evident from the face of the complaint. Thus, the essential allegations are insufficient to show that the case is one "arising under the Constitution, laws, or

treaties of the United States." 28 U.S.C. § 1331. Further, there is no diversity jurisdiction present in this action under 28 U.S.C. § 1332.[2] While Plaintiff's complaint appears to seek only district court review of her state foreclosure case, to the extent Plaintiff may be attempting to bring an unspecified claim against the Defendants, the complaint provides insufficient factual information to establish federal court jurisdiction.

Recommendation

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. Plaintiff's attention is directed to the important notice on the next page.

Joseph R. McCrorey
United States Magistrate Judge

July 20, 2009
Columbia, South Carolina

---

[2]A civil action may be cognizable in a federal court under the diversity statute, if that statute's requirements are satisfied. *See Cianbro Corp. v. Jeffcoat & Martin*, 804 F. Supp. 784, 788-91 (D.S.C. 1992). However, The diversity statute, 28 U.S.C. § 1332(a), requires ***complete*** diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00). Complete diversity of parties in a case means that no party on one side may be a citizen of the same state as any party on the other side. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 372-74 & nn. 13-16 (1978). There is no diversity jurisdiction over this case because, according to the information provided by Plaintiff, she and several of the Defendants are residents of South Carolina.

5

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).